IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAKOV PISMAN, | Civil No. 3:23-cv-186 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN R. THOMPSON, | |
| Respondent | |

## MEMORANDUM

### I. Background

On or about January 27, 2023, Petitioner Yakov Pisman ("Pisman"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that the Federal Bureau of Prisons ("BOP") failed to apply his earned time credits under the First Step Act ("FSA"). (Doc. 1). In response, Respondent filed a suggestion of mootness informing the Court that Pisman has received the requested relief. (Doc. 9). As a result, Respondent argues that the habeas petition is now moot. (*Id.*). For the reasons set forth below, the Court will dismiss the habeas petition as moot.

### II. Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to

exist the] parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release.  *Id.*; *see also Burkey*, 556 F.3d at 146-50

In the present case, Pisman seeks the award of earned time credits under the FSA. Under the FSA, a prisoner is entitled to immediate placement in prerelease custody (either in a residential re-entry center ("RRC") or in home confinement) when he has earned FSA time credits in an amount equal to the remainder of his imposed prison term, provided he has been found to pose a minimum or low recidivism risk in his last two assessments.  *See* 18 U.S.C. § 3632(d)(4)(C) (providing that FSA time credits "shall be applied toward time in prerelease custody or supervised release.").  In addition, the FSA has provided an opportunity for a prisoner to obtain an early transfer to supervised release.  Under the FSA, a prisoner is eligible to be released from confinement and to commence his term of supervised release up to twelve months early, at the discretion of the BOP, provided he has been found to pose a minimum or low recidivism risk in his last assessment.  *See id.* § 3624(g)(3) (providing that the BOP "may transfer [an eligible prisoner sentenced to serve a term of supervised release after imprisonment] to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [FSA] time credits.").

On February 11, 2023, the BOP conducted an FSA Time Credit Assessment and applied 365 days of earned time credits towards Pisman's early release, and 205 days towards his placement in an RRC or in home confinement. (Doc. 9-1, p. 10). Based on this calculation, Pisman's projected release date changed from October 9, 2024, to October 10, 2023. (Doc. 9-1, p. 3 ¶ 6; Doc. 9-1, p. 6). As Pisman has received the requested earned time credits, he no longer has a concrete, redressable injury. This Court therefore lacks an opportunity to provide Pisman with any meaningful relief in this habeas matter, and his challenge is moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: April 10, 2023